Good morning, Your Honors. May it please the Court. Michael Tanaka, Deputy Federal Public Defender, appearing on behalf of Mr. Lemus. I'll try to reserve a couple minutes for rebuttal. Our system of criminal justice rests on the principle that every person charged with a crime is presumed innocent unless and until the government proves every element of the charge against them beyond a reasonable doubt. And even on appeal, although the presumption of innocence may fall by the wayside, the requirement of proof beyond a reasonable doubt does not. So the issue before this Court is whether, viewing the evidence in light most favorable to the government, could any rational trier of fact have found, beyond a reasonable doubt, that Mr. Lemus possessed at least 50 grams of methamphetamine with intent to distribute. The clear answer is no. This is a truly extraordinary prosecution for possession. In most prosecutions for possession, there's drugs. The drugs are introduced in the evidence. The chemist testifies it weighs this much, it's this pure, and it's in fact the substance that is being charged. Is it your argument that the government has to produce the drug? No, Your Honor, it's not. Obviously, that's clearly done so. There would be no doubt. There would be proof beyond a reasonable doubt. But where there isn't, then there has to be at least some evidence of possession, not just some evidence but proof beyond a reasonable doubt that there's the drugs. But in your view, the taped, recorded conversations during the course of the criminal activity, his statements are insufficient. Of course, of an alleged criminal activity. There are no drugs. I mean, the jury found him guilty. Right, but there's other than... His statements are insufficient. Other than his words, there is no proof of any criminal activity or drugs. So then you ask, the government hasn't cited any case where absent drugs or something appearing to be drugs, a person was convicted of possession. So we're left with his words. And his words can't be enough to prove the case beyond a reasonable doubt in the absence of other evidence suggest or showing that there are drugs. So they had to prove here that he had possession, either had actual possession or he had constructive possession. Is that right? That's correct. So they can't prove actual possession. I certainly didn't prove actual possession. At least I don't think. Maybe the government might argue otherwise. Counsel, how do you, just to be candid, the thing that troubles me the most about the government's case here is the quantity. You have an agent testifying about the purity of drugs in a whole sweep of cases that weren't directly involved in this particular conspiracy or alleged conspiracy. It's not a conspiracy, Your Honor. How do you, I'll call it that for whatever, how would you help me contrast the difference between the Kilby case and the Flores case insofar as the quantity of drugs? They have to prove the purity and quantity here. It seems those two cases are, seem to show something quite different. How should I view those cases? I'm sorry, Your Honor. I'm not familiar enough with those cases to actually give you an answer. Let me ask you this. Do they have to prove purity? They have to prove a quantity. Don't they have to prove that it's methamphetamine? To start with, they have to prove, yeah, that it's meth, and then they have to prove a quantity. We started out, their whole entire calculation comes from this mythical pound, which there's, quite frankly, there's zero evidence that he possesses or constructively possesses a pound. There's a couple words where he talks about pound. Can I get back to you for just a moment with the notion of constructive possession? As I understand it, there was an instruction given to the jury on constructive possession, on the definition of possession. Is that right? Correct. And one of the definitions that was given, there was a definition of constructive possession. Yes. And you don't challenge the instruction, correct? The instruction as far as the elements of constructive possession is correct. Okay. So constructive possession connotes some sort of control. Yes. Okay. So did the government present any evidence demonstrating that Mr. Lemus had control or dominion over one pound or whatever, whatever, 50 grams of methamphetamine? Respectfully, no, Your Honor. There was no drugs to have control over. They talked about having someone having a pound. He could be in cahoots, you know, with the supplier. They could be a joint, you know, kind of operation. Right. There was no evidence of a supplier. No one saw a supplier.  But there is no independent evidence that the supplier ever existed. No one saw the supplier deliver drugs to Mr. Lemus's house. No one saw him drug Mr. Lemus's house. There were no drugs ever. It's unfathomable that you could convict someone of possession of a pound of methamphetamine without any methamphetamine, just someone talking about having methamphetamine. Does it make a difference that this case, it was charged as a substantive violation of 841 as opposed to a conspiracy violation? Absolutely, Your Honor. What's the difference? The difference is with a conspiracy, as I pointed out in my 28-J letter, you don't have to have, you don't, the government doesn't have to produce any drugs. Merely an agreement to sell drugs is sufficient. So if they talk, someone talking about selling drugs, then that's sufficient. Whereas in a possession case, one of the elements is you have to possess the prohibitive substance. That is what's missing here. If they charge this as a conspiracy, maybe they'd have a better case, but they didn't. Why would it have to be a conspiracy? There was no conspiracy. I said, but why would it have to be? You said there has to be an agreement to sell drugs would be enough, you said. In a conspiracy. Why in a conspiracy? Why not just an agreement to sell? Agreement? With a buyer. In a possession case. Well, suppose they charged an agreement to sell. I'm sorry, I'm not following you. If they charged an agreement to sell, then unless that was a conspiracy, then the agreement to sell. Why does it have to be a conspiracy? A agrees to sell drugs to B. I don't believe that's an element of the 841 possession charge, Your Honor. It's possession with intent. I didn't say possession. I said is that a crime to agree to sell? Independently, I don't believe so. But if you agree, if A and B have an agreement to sell to C, then it is, but if A agrees to sell to B, it isn't? That's my understanding of the law, Your Honor. Seems strange, but it'd be. Anyway, this was charged with the intent, possession with the intent to sell. That's correct. Right? Yes. So possession, so the whole focus of your argument is on the concept of possession, the element of possession? Yes, Your Honor. Okay. Exactly. Do you want to save your last minute and a half? Sure. Good morning, Your Honors. My name is Stephen Wolf. I'm the Assistant United States Attorney, one of the two who tried the case, and I'm here for the government on the appeal. Your Honors, it seemed to me in thinking about the appeal that the most interesting way or perhaps the most useful way to approach it was to think about the things that are conceded by the defense here. And by that I mean there's no debate or disagreement about what the defendant said. The transcripts and their translations were stipulated by the parties, and what the defendant said is not complicated. The things that he said that the government relied upon and argued below were plain one-syllable words. He said twice in two separate recorded calls, I have it right here. I'm sorry. I'm getting it backwards. I have it right now, and I have it here. Counsel, conceding all of that, what really troubles me about this, the government offered FBI testimony about the range of purity for meth sales in L.A. He testified about approximately 30 controlled purchases made in the area from 2008 to 2014 and talked about what the purity was.  But there was nothing dealing with this particular sale or if there had been a conspiracy as part of the conspiracy. How can you prove beyond a reasonable doubt the purity or quantity of a drug when you're talking about a range of sales from 2008 to 2014 that have nothing whatsoever to do with this particular charge? Well, with respect, Your Honor, the government's case was just slightly better than Your Honor has stated. Okay. Tell me how. And the point is the FBI agent was a member and a director of a particular squad that focused on one gang. That's not what he testified, though, right? It was 2008, 2014, and as I understand it from ER 323 through 325, it talked about 30 different purchases made by the FBI. It wasn't restricted to one gang. Oh, no. I believe his testimony, Your Honor, was that his squad had made 30 purchases between 2008 and 2014, all from MS-13, although he was at that time, he fortunately did not name the gang. And they'd all been made by his gang between 2008 and 2014. Well, the fact that he didn't name the gang, doesn't that create a bit of a problem for what you're alleging here? Well, Your Honor, I think not. We tried very hard to follow Judge O'Connell's ruling about gang testimony being allowed. And I understand that. I appreciate why you did that. I'm just saying as an element of the crime, you have to show a quantity. And I'm having difficulty understanding how that was done when you don't have the actual drug, so you have to rely upon something else. And we have case law that says it's okay if it's part of the same conspiracy. But I don't find any cases that says that what you've done here is sufficient. Do you have any such case? Nope. Well, this is a case of first impression insofar as this issue in our circuit. Yes, Your Honor, I believe that's so. Is the quantity an element of the offense? No, Your Honor. 841A, you can have a conviction under 841A without proving a quantity, isn't that right? Yes, Your Honor. It seems to me there are two sufficiency issues here. One is the conviction about which the evidence is, I think, pretty straightforward. And then the point that Judge Smith has just made that the argument about the purity is entirely based on the government's sample from the wholesale meth market in Los Angeles County as sold by MS-13 between 2008 and 2014. So it is possible that the jury's finding on the 50 grams is not supported by substantial evidence? It's what Your Honors are going to tell us. We put on what there is and the jury was persuaded. Assuming we were to reach that conclusion, what's the result? I believe he'd have to be resentenced without a mandatory minimum. Okay. Wasn't the charge that he possessed methamphetamine of 5 grams or more? It was, Your Honor. And that's what the jury was asked to find? There was a special finding submitted to the jury about the quantity. It had to be 50 grams or more. 50 grams. 50 grams or more, yeah. Okay. And your position, I gather, is that it's sufficient for a conviction aside from the quantity. It's sufficient if he says he possessed it, and that's enough. If he says it in circumstances that persuade the jury to resolve all the conflicts in the evidence in favor of his statements being true. The statements, after all, were part of a series made over two days and a half dozen phone calls in which he says, We'll sell two ounces for $2,200. I'll do it in two days. I'll call you at 11. They talk at 11. He says, My guy's late. I'm going to kick his ass because he's not showing up, and you're telling me this is not the way to do business. I agree. I'll get after him. Finally, he says, I'll make it more convenient. I'll have him bring it here. And at 106, if I have the time right, 109, he says, He's here at my house. I'm at the house. He's here now. And five minutes later, they meet, and he said, I'll give you a sample right here. I'll give it to you now. But he wanted to sell the entire pound and only give a sample. The informant would not do that. It's not the way to do business. If she takes the sample and then gives the money for a pound, who's to say whether the sample came from the pound? So the informant would not take the sample. The defendant wouldn't part for it with anything less than the pound, and no transaction took place. Who's to say that it came from the pound? What difference did it make? Well, it would make a difference in that if the informant took the sample and liked it, said this is good quality, when they met again to deliver the pound, perhaps the pound delivered would not be of high quality. But you would have more than you have now. Yes. There's also a difficulty that was testified by Agent Call that if the government begins buying a pound, then saying at the second deal, well, today I only want an ounce. It does not look like a serious proposition. And moreover, the FBI, we made 30 buys. We couldn't have bought 30 pounds. There isn't enough buy money in Los Angeles. So the FBI would not let her buy a pound. We can't afford it. You know, the question I think that Judge Pius has been asking you about is, is it sufficient to rely on an admission by a defendant without corroboration? You know, it used to be the rule that you had to have corroboration of any kind of admission or confession. That wasn't enough to convict you. I think that rule has changed somewhat. But just looking at your brief, I don't see in the section in which you argue that there's sufficient evidence that he went through what he did in trying to persuade her that he had a pound. I don't find a single case cited. Maybe I'm just looking too quickly. Is there a case? Your Honor, there is a section in our papers dealing with the defendant's argument in his opening brief that there was not corroboration. And our argument essentially is that the corroboration is required if the statements are made after arrest. That is, if a defendant says in interview, well, I committed the crime, then the government often is required to show some corroboration that there was a crime, not just that the defendant under the hot lights said that he had done it. But we cited cases. No, I think you see in the next section after I had kids in the meeting. Making the point that corroboration is not required if the recorded statements are during the offense. When the likelihood that the defendant has been pressured by interrogation doesn't exist because he wasn't talking to government agents. He was talking only to what he believed was another trafficker. All right. Thank you. Thank you, Your Honor. I want to get back to this notion that just talking about having it is sufficient in the absence of any other proof. The government hangs its hat on the statement, I have a sample here. And I guess the question is, well, why would he say that if he didn't really have a sample and wasn't the jury entitled to believe him? And the answer is no, because the words are so ambiguous in the context of this whole thing. He's trying to string this woman along. He tells her anything to keep her coming back to him. He says he has a sample. Does he say, here, I have a sample? Does she see the sample? No. Then he says, I'll bring the sample. I'll bring it here twice. Equally likely. He could infer from that that he has control over it. If he has it, but no one ever sees it. Equally likely is he lives two blocks away. Here, if she said, okay, I'll take the sample, she didn't. No one ever saw a sample. He says, let's go back to my apartment. I'll give it to you there. Is there a case that backs up what you're talking about? There's no case specifically, but there is the case cited in the brief for all cases where in the absence of either drugs or someone seeing something that looked like drugs or could be drugs or conduct along those lines that simply talking about drugs or hearing people talk about drugs, setting up a drug transaction that no one ever witnessed or went down is not sufficient. So this case falls right along with those. The evidence is just not sufficient beyond a reasonable doubt to convict this man on a 10-year mandatory minimum of having drugs. No drugs ever show up in this case. Before the transaction, during the transaction, after the transaction, three years later, they're cleaning up their caseload. They bring this man in, and they charge him based on a couple of statements that there is absolutely no corroboration for. Thank you, counsel. Case is adjourned. You will be submitted.
judges: Reinhardt, Paez, M. Smith